Henry A. KORSZUN and Wojtek W. Borowski, Plaintiffs,

and

Compucloz Corporation, Plaintiff–Appellant,

v.

PUBLIC TECHNOLOGIES MULTIME-DIA, INC. (now known as My Virtual Model, Inc.), J.C. Penney Company, Inc., Mattel, Inc., Broderbund Soft-ware, Inc., and Lands' End, Inc., De-fendants–Appellees.

No. 03–1544.

United States Court of Appeals, Federal Circuit.

March 26, 2004.

Matthew M. D'Amore, Principal Attorney, Morrison & Foerster, New York, NY, William H. Bright, Jr., Cummings & Lockwood, of counsel, Hartford, CT, for Defendants–Appellees.

Stephen P. McNamara, Principal Attorney, St.Onge Steward, Stamford, CT, for Plaintiff–Appellant.

ON MOTION

*ORDER*

Defendants-appellees move to dismiss this appeal on the ground that there is no final judgment to support jurisdiction. *See* 28 U.S.C. § 1295(a)(1) (2000). In this case, the United States District Court for the District of Connecticut has granted summary judgment of noninfringement to defendants-appellees.

The motion to dismiss is premised on the proposition that counterclaims of invalidity of the patent in suit remain unadjudicated in the district court. The record reflects the existence of such counter-

claims, but fails to show any explicit action taken by the district court to dispose of the counterclaims in such a manner as to vest this court with jurisdiction over a final judgment.

In *Nystrom v. TREX Company, Inc.*, 339 F.3d 1347 (Fed.Cir.2003), we faced a similar situation where outstanding counterclaims deprived the judgment of the district court of the requisite finality to secure jurisdiction in this court. We there held that our jurisdiction depends on resolution of the invalidity counterclaims in any of four ways: (1) the district court can proceed to trial on the invalidity counterclaims and adjudicate them to finality, thus "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment[,]" *id.* at 1350 (citation omitted); (2) the district court can dismiss the counterclaims; (3) the district court can, where proper, enter judgment under Federal Rule of Civil Procedure 54(b); and (4) the procedures of 28 U.S.C. § 1292(b), (c)(1) can be invoked. *Id.* at 1350–51.

The appellant argues that the present posture of this case falls within the second *Nystrom* category. Because the district court granted the summary judgment of noninfringement and entered judgment thereon with the statement that the "case is closed," the appellant argues that the effect of the judgment was dismissal of the invalidity counterclaims as moot. This argument fails.

We have held that although a district court may dismiss counterclaims of invalidity as moot in appropriate cases in the exercise of its discretion, the counterclaims are not moot as a matter of law. *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370–71 (Fed.Cir.2004). Whether the district court in this instance meant to dismiss the counterclaims as moot when the deputy clerk of the court entered judgment with the words "the case is closed" is not a matter on which we will speculate. Such a denouement is of course possible, but no less likely is the possibility that the status of the counterclaims was simply overlooked as the summary judgment of noninfringement was entered.

*Nystrom* sets out the four specific routes to a final judgment in patent infringement cases where counterclaims of invalidity are brought. Thus far, none of the *Nystrom* avenues has been pursued. We think it is unwise to deviate from the clear and precise course established by *Nystrom.* The four routes to finality are no less available now in this case than they were before the briefs were filed. On the current record, there is no ground for finality that has been perfected, and we accordingly must dismiss the appeal.

The defendants-appellees ask that we give instructions to the district court on how to dispose of the various invalidity counterclaims on remand to the district court. We decline to interfere with the discretion of the district court in how it wishes to deal with the pending counterclaims. Because the action of the district court on the counterclaims may affect the arguments the parties wish to present in their briefs, should they subsequently establish appellate jurisdiction here, we decline at this time to authorize the refiling of the briefs previously filed. To avoid duplication of effort and expense, the parties may, by later motion, seek leave to have all or parts of their current briefs considered as the briefs in the new appeal.

Upon consideration thereof

IT IS ORDERED THAT

(1) The appeal is dismissed.

(2) The case is remanded to the district court.